UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ESTEE OF LAMOREE' MOORE, *by and through its Administrator, Leonetta Simpson*, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:25-CV-936-ZMB |
| ALPHA KAPPA ALPHA SORORITY, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review in light of several pending motions. As relevant here, in response to the Complaint, Defendant Mia Porter filed a motion to dismiss on July 18, 2025. Doc. 20. Other defendants also moved to dismiss starting three weeks later. Docs. 42, 46, 60, 63, 65. On August 22, Plaintiffs filed an amended complaint without either consent or leave, Doc. 66, and on that basis, they asked the Court to deny the pending motions to dismiss as moot, Doc. 67. The problem with Plaintiffs' request is that they improperly filed the Amended Complaint. As a result, the Court strikes this pleading from the record and denies as moot Plaintiffs' pending motion.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its complaint "once as a matter of course no later than . . . 21 days after service of *a* responsive pleading or 21 days after service of *a* motion under Rule 12(b), (e), or (f), *whichever is earlier*." FED. R. CIV. P. 15(a)(1)(B) (emphases added). Thereafter, an amendment requires "the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Applying this rule has proven complicated in cases involving multiple defendants, which has led to a division of authority. One camp "would allow a plaintiff to amend as a matter of course for only those defendants who had not filed a Rule 12(b) motion or an answer outside the 21-day period." *Schwab v. Ingels*, No. 18-2488-DDC-GEB, 2020 WL 2037049,

at *4 & n.5 (D. Kan. Apr. 28, 2020) (collecting cases). The other camp applies a single "twenty-one day period to amend as a matter of course begins on the date of the earliest defensive action." *U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 878 (E.D. Va. 2015) (collecting cases).

The Court is persuaded by the latter line of authority. Most importantly, a single 21-day deadline is more faithful to the plain text of Rule 15(a) and the Advisory Committee notes. *See Kieffer v. Tundra Storage LLC*, No. 14-3192 ADM/LIB, 2015 WL 5009012, at *3 (D. Kan. Aug. 21, 2015) (citation omitted). It also advances the policy considerations underlying the most recent amendments to the rule. *See, e.g., Carter*, 144 F. Supp. 3d at 878–79; *Schwab*, 2020 WL 2037049, at *4 n.5. Here, however, this issue is academic. "Even under th[e] more permissive approach, Plaintiffs could not file the Amended Complaint without the Court's permission because the Amended Complaint is not limited to alterations affecting only [the defendants within the 21-day window]. *See Seeberger v. Goodman*, No. No. 2:14-cv-1063-GBW-WPL, 2015 WL 13662654, at *1–2 (D.N.M. Apr. 3, 2015) (declining to chose between the competing approaches on this basis); Doc. 66. Thus, the Court must strike the amended pleading as improper because Plaintiffs had neither leave nor consent.[1]

Accordingly, due to Plaintiffs' failure to comply with Rule 15(a), the Court **STRIKES** their [66] Amended Complaint and directs the Clerk of Court to remove this document from the docket. Additionally, the Court **DENIES** as moot Plaintiffs' [67] Motion to Deny Defendants' Motions to Dismiss.

So ordered this 8th day of September 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[1]This order in no way prohibits Plaintiffs from seeking to amend their complaint again, provided that they comply with the criteria in Rule 15(a)(2) and Local Rule 4.07. To allow them time to do so, the Court will not rule on the pending motions to dismiss (aside from the consent motion), *see* Docs. 20, 42, 46, 60, 63, provided that Plaintiffs file any amended complaint—along with a request for leave or written consent—no later than September 15, 2025.